### CARTER v. FLEECE.

### In re DAVIS.

(Circuit Court of Appeals, Sixth Circuit. April 13, 1923.)

No. 3735.

1. **Bankruptcy ⬳229—Payment of a debt cannot be coerced by contempt process.**

If specific property of the bankrupt is by any person wrongfully withheld from his trustee, he may have an order for its delivery, and willful noncompliance with such order is contempt; but payment of a debt cannot be coerced by contempt process.

2. **Bankruptcy ⬳229—Trustee cannot enforce judgment by contempt process.**

Where a trustee brings a plenary action for recovery of a preferential or fraudulent payment, and recovers judgment therein, he becomes a judgment creditor, with only the remedies of such a creditor, and cannot enforce the judgment by contempt process.

Petition to Revise an Order of and Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

In the matter of S. S. Davis, bankrupt; George E. Fleece, trustee. Petition to revise and appeal, by R. W. Carter, to review orders of District Court. Orders reversed.

C. L. Marsilliot, of Memphis, Tenn. (Wils Davis and O. F. Mathis, both of Memphis, Tenn., on the brief), for petitioner and appellant.

Lowell W. Taylor, of Memphis, Tenn., for respondent and appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

288 F.—13

PER CURIAM. The trustee in bankruptcy brought in the state court a plenary action against Carter to recover, either as a preferential or as a fraudulent payment, an amount which had been paid to Carter by the bankrupt. The trustee recovered the usual form of money judgment. He then applied to the referee for an order directing Carter to pay this judgment. Upon a hearing, the referee found that "Dr. Carter is in receipt of sufficient income and has sufficient business to pay this judgment, if he desired to do so," and ordered that within a time limited he should pay it. Upon noncompliance with the order, the referee certified to the District Court the question of contempt. Carter asked a review of the order to pay. The District Court adjudged that Carter was in contempt, and that he be imprisoned until he paid, and denied the petition to review.

[1] Payment of a debt cannot be coerced by contempt process. If the specific property of the bankrupt is by any person wrongfully withheld from the trustee, he may have an order for its delivery, and willful noncompliance with such order is contempt. Only in such a case does the respondent's ability to perform become a fact that may condemn him. Even if it be assumed that the trustee might originally have secured from the referee an order that Carter return the bankrupt's money, yet any right to such an order was lost by merger in the judgment of the state court.

[2] Taking the judgment passed the title to the specific money, as it would have done with reference to any other property. The trustee became a judgment creditor, with only the remedies of such a creditor. It was a mistake to infer, as the referee did, that when Carter admitted the rendering of the state court judgment against him he thereby admitted the present possession of money belonging to the bankrupt estate. His concession reached only the existence of the debt which the judgment evidenced.

Upon the petition to revise, the order of the District Court, made March 28, 1922, must be reversed, with costs, and the case remanded, with directions to set aside the referee's order of November 8, 1921. Upon the appeal, the order of the District Court of December 2, 1921, must be set aside.